UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMMITT JOHNSON (#460015)

VERSUS                                           CIVIL ACTION

HOWARD PRINCE, ET AL                             NUMBER 09-25-RET-SCR

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 23, 2009.

                                                STEPHEN C. RIEDLINGER
                                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMMITT JOHNSON (#460015)

VERSUS                                                    CIVIL ACTION

HOWARD PRINCE, ET AL                                      NUMBER 09-25-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Partial Summary Judgment.  Record document number 14.  The motion is not opposed.

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, Maj. Andrew Childs and Lt. Donald Johnson.  Plaintiff alleged that his constitutional rights were violated on October 24, 2008, when Lt. Johnson sprayed him with mace and denied him prompt medical attention following the incident in.

Defendants moved for partial summary judgment relying on a statement of undisputed facts and the results of Administrative Remedy Procedure (hereinafter ARP) EHCC-2008-1269.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing

that there is a genuine issue for trial.  Rule 56(e).

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding his medical indifference, retaliation, conspiracy, denial of request for administrative remedies and falsification of investigative report claims.[1]

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust);

---

[1] Even construing the allegations of the plaintiff's complaint liberally, the court is unable to identify either a retaliation or conspiracy claim.  In his prayer for relief the plaintiff sought a preliminary and permanent injunction enjoining Lt. Johnson from harassing him.  Presumably, the defendants considered the prayer for injunctive relief to assert claims of retaliation and conspiracy.

*Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385

F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.*

Defendants argued that the plaintiff exhausted only his excessive force claim.

Plaintiff identified ARP EHCC-2008-1269 as the administrative grievance in which the claims raised in the complaint were addressed.[2] The summary judgment evidence showed that in ARP EHCC-2008-1269 the plaintiff complained that on October 9, 2008, Lt. Johnson sprayed him in the face with mace even though Lt. Johnson knew the plaintiff is legally blind and suffers from chronic asthma.[3]

The allegations made in the administrative grievance were limited to the plaintiff's complaint that he was sprayed in the face with mace by Lt. Johnson. The allegations made in the administrative grievance were insufficient to place prison officials on notice of any of the other claims raised in the complaint.

The summary judgment evidence shows that the plaintiff failed

---

[2] Complaint, p.3, § II.,C.1.

[3] In his complaint, the plaintiff alleged that the incident occurred on October 24, 2008. Although there is a discrepancy as to the actual date of the incident, the complaint and ARP EHCC-2008-1269 appear to involve the same incident, and there is no evidence in the record to the contrary.

to exhaust available administrative remedies regarding any claim other than his excessive force claim against Lt. Johnson.

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial. It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted in part, dismissing all of the plaintiff's claims except his claim that Lt. Johnson used excessive force against him on October 24, 2008.

Baton Rouge, Louisiana, April 23, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE