UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


EMMITT JOHNSON (#460015)

VERSUS                                          CIVIL ACTION

HOWARD PRINCE, ET AL                            NUMBER 09-25-RET-SCR


### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 7, 2010.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMMITT JOHNSON (#460015)

VERSUS                                   CIVIL ACTION

HOWARD PRINCE, ET AL                     NUMBER 09-25-RET-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is Lt. Donald Johnson's Motion for Summary Judgment.  Record document number 28.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gab+riel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Donald Johnson.  Plaintiff alleged that his constitutional rights were violated on October 24, 2008, when Lt. Johnson subjected him to an excessive use of force.[2]

Lt. Johnson moved for summary judgment relying on a statement of undisputed facts, the affidavits of Donald Johnson and Dr. Preety Singh, copies of the plaintiff's medical records, copies of the plaintiff's conduct record and master prison record, copies of disciplinary and warden's unusual occurrence reports issued in October and December 2008, a copy of Institutional Policy 300-A1

---

[1] Record document number 33.

[2] All of the plaintiff's claims were previously dismissed except for his excessive use of force claim against Lt. Johnson. Record document number 24.

Use of Force, a copy of Administrative Remedy Procedure (ARP) EHCC-2008-1269, and a copy of Johnson's training records.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Plaintiff alleged that on October 24, 2008, after returning from a trip to see an eye specialist, he complained that he had not received his dinner.  Plaintiff conceded that he hollered and made a loud noise.  Plaintiff alleged that, without warning, Lt. Johnson came down the tier and sprayed him directly in the face with a chemical agent.  Plaintiff alleged that at the time Lt. Johnson sprayed him with a chemical agent Lt. Johnson was aware that the plaintiff suffered from asthma and that orders had been issued by his treating physician prohibiting the use of chemical agents on him due to his asthma and an eye condition.  Plaintiff alleged that the chemical agent caused him to suffer a severe, "nearly fatal" asthma attack.

Lt. Johnson offered a different version of the incident. According to Lt. Johnson, he gave the plaintiff several orders to cease the disturbance but the plaintiff refused to comply with his

orders.[3]   Lt. Johnson asserted that only after the plaintiff refused to comply with his orders did he spray the plaintiff with 0.1 oz. of Freeze P.[4]   After the plaintiff was sprayed with the Freeze P, he ceased the disturbance, was removed from his cell and was examined by medical personnel.[5]

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993). In evaluating excessive force claims, the court may look to the seriousness of the injury to determine "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley v. Albers*, 475 U.S. at 321, 106 S.Ct. at 1085. An injury is insufficient to support an excessive force claim where there is *no* physical injury or where the injury is extremely minor.

---

[3] Defendant exhibit 3.

[4] *Id.*

[5] *Id.*

3

*Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006).

The summary judgment evidence showed that no incident involving the use a chemical agent on the plaintiff occurred on October 24, 2008.[6]  The summary judgment evidence showed that on October 9, 2008, Cadet Hills issued the plaintiff a disciplinary report for destruction of property for racking and kicking his cell bars.[7]  Cadet Hills notified Lt. Johnson.[8]

Plaintiff's medical records showed that following the October 9 incident he was examined by an emergency medical technician.[9]  Plaintiff ambulated without difficulty and his vital signs were within normal limits.[10]  Plaintiff voiced no complaints and required no medical treatment.[11]  Plaintiff did not suffer an asthma attack as a result of being sprayed with a chemical agent on October 9, 2008.[12]  Plaintiff has never been treated by a respiratory specialist or been prescribed respiratory medication since his

---

[6] Defendant exhibits C and 5.

[7] Defendant exhibit C.

[8] *Id.*

[9] Defendant exhibit E.

[10] *Id.*

[11] *Id.*

[12] Defendant exhibit 4.

arrival at Hunt Correctional Center in April 2008.[13]

The summary judgment evidence showed that on October 24, 2008, two weeks after the incident, a treating physician at Chabert Medical Center recommended that prison personnel refrain from spraying the plaintiff with chemical agents because of the plaintiff's eye condition.[14]

There is no genuine dispute that at the time the plaintiff was sprayed with Freeze P on October 9, 2008, there was no medical order in effect prohibiting the use of a chemical agent on the plaintiff, and at that time the plaintiff had not been diagnosed as suffering from or been under a doctor's care for asthma.  The summary judgment evidence further showed that the plaintiff did not sustain any injury as a result of the use of Freeze P on October 9, 2008.  Defendant is entitled to summary judgment as a matter of law.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendant's motion for summary judgment be granted and this action be dismissed.

Baton Rouge, Louisiana, January 7, 2010.

STEPHEN C. RIEDLINGER

---

[13] *Id.*

[14] Defendant exhibit E.

5

UNITED STATES MAGISTRATE JUDGE